# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

HAPPY MILL, LLC,
Plaintiff

v.

PROJECT & COST MANAGEMENT,
Defendant

CA 06 310 ML

C.A. No. ______________

## COMPLAINT

Plaintiff, Happy Mill, LLC, by its undersigned attorneys, brings this Complaint for declaratory judgment, injunctive relief and damages against Project & Cost Management and, as cause for its complaint, alleges as follows:

## PARTIES

1. Happy Mill, LLC ("Happy Mill") is a limited liability company organized and existing under laws of the State of Texas with its principal place of business in Warwick, Rhode Island. Happy Mill is the owner of certain property located in Warwick, Rhode Island, at the former Pontiac Mills Complex.

2. Project & Cost Management ("PCM") is a corporation organized and existing under the laws of the State of California with its principal place of business in Van Nuys, California.

## NATURE OF ACTION AND JURISIDICTION

3. This is an action for declaratory judgment pursuant to 28 U.S.C. §2201, for mandatory injunctive relief, and for damages arising out of PCM's breach of a Purchase and Sale Agreement. Jurisdiction is founded upon diversity of citizenship and amount, the matter in controversy exceeding, exclusive of interest and costs, the sum of $75,000.

4. PCM has expressly submitted itself to the exclusive jurisdiction of the United States District Court for the District of Rhode Island.

**FACTS GIVING RISE TO THE CLAIMS**

5. On or about April 27, 2006, Happy Mill and PCM entered into a Purchase and Sale Agreement pursuant to which Happy Mill was to sell and PCM was to buy certain property located in Warwick, Rhode Island at the former Pontiac Mills Complex described as "land only condominium units ('Units') and all buildings located thereon (the 'Property')." A true and accurate copy of the Purchase and Sale Agreement ("P&S") is attached hereto, incorporated as a part herein, and marked as Exhibit A.

6. The P&S was subsequently amended by that certain letter agreement between Happy Mill and PCM dated May 4, 2006. A true and accurate copy of the Amendment is attached hereto, incorporated as a part herein, and marked as Exhibit B.

7. Pursuant to Section 5 of the P&S and the amendment, PCM deposited with Pilgrim Title Insurance Company the sum of $124,982 as an initial deposit. Said sum remains on deposit with Pilgrim Title Insurance Company.

8. Pursuant to Section 3 of the P&S, PCM was obligated to deliver to Pilgrim Title Insurance Company an "Additional Deposit" as that term is defined in the P&S in the amount of $125,000. To date, PCM has failed and refused to make the Additional Deposit called for by the P&S.

9. Section 18.2 of the P&S provides as follows:

> If Buyer defaults under this Agreement, Seller, as its sole and exclusive remedy, shall have the right to terminate this Agreement and receive payment of the Deposit, which sum the parties fix and settle as liquidated damages and not as a penalty for such default of Buyer (Seller and Buyer hereby agreeing that in the event of a default by Buyer under this Agreement, Seller's damages would be difficult or impossible to ascertain, and the amount of the Deposit represents a reasonable estimate of such damages), thereby

> releasing Buyer from this Agreement, except for those provisions contained herein that expressly survive any termination of this Agreement.

10. Pursuant to Section 5.4.1 of the P&S, PMC had a right to object to any matters pertaining to the property under agreement, which right was to have been exercised on or before June 12, 2006. PCM failed to submit a timely objection under the P&S. Moreover, because PCM failed to provide a "Termination Notice" to Happy Mill, PCM was obliged, pursuant to Section 3 of the P&S, to deliver to Pilgrim Title Insurance Company the "Additional Deposit" as that term was defined in the P&S. What is more, pursuant to Section 3 of the P&S, upon PCM's failure to provide Termination Notice, the "Initial Deposit" as defined in the P&S was immediately to be released to Happy Mill. PCM failed and refused, and continues to fail and refuse, to authorize Pilgrim Title Insurance Company to release the Initial Deposit to Happy Mill.

11. PCM's failure to deliver the "Additional Deposit" to Pilgrim Title Insurance Company by the close of business on June 19, 2006 constituted a default by PCM under the P&S.

12. On or about June 20, 2006, Happy Mill provided notice to PCM that PCM was in default under the P&S because it failed to provide Termination Notice to Happy Mill on or before June 13, 2006, and therefore was obligated to purchase the property, was obligated to provide the Additional Deposit of $125,000, and was obligated to allow the escrow agent to release the Initial Deposit of $124,982 to Happy Mill as a nonrefundable deposit.

13. On or about July 7, 2006, Happy Mill gave notice to PCM of its termination of the P&S for PCM's uncured default, notice of which default and demand for cure was provided on or about June 20, 2006. Happy Mill also demanded payment of the total required deposit of $249,982.

14. At all times material to this Complaint, Happy Mill was in compliance

with all of its duties and obligations under the P&S.

**COUNT I**

**DECLARATORY JUDGMENT**

15. Happy Mill realleges paragraphs 1-14, inclusive, as if set forth in full herein.

16. This is a case of actual controversy within the jurisdiction of this Court.

WHEREFORE, Happy Mill demands judgment against PCM declaring the rights and other legal relations of this parties pursuant to the aforementioned P&S and for such other and further relief that to the Court seems meet and just.

**COUNT II**

**BREACH OF PURCHASE AND SALES AGREEMENT**

17. Happy Mill realleges paragraphs 1 through 16 inclusive, as if set forth in full herein.

18. The actions of PCM constitute a default and breach under the terms of the P&S, giving rise to Happy Mill's right to terminate the P&S and receive payment of the total deposit as liquidated damages pursuant to Section 18.2 of the P&S.

19. Happy Mill has made timely claim under the P&S for payment of the total deposit as liquidated damages but, to date, PCM has refused to pay.

WHEREFORE, Happy Mill demands judgment against PCM for liquidated damages in the amount of $249,982, plus interest and costs and such other and further relief as to the Court seems meet and just.

**COUNT III**

**MANDATORY INJUNCTIVE RELIEF**

20. Happy Mill realleges paragraphs 1 through 19, inclusive, of the Complaint

as if set forth in full herein.

21. PCM has refused to authorize Pilgrim Title Insurance Company to release the Initial Deposit to Happy Mill, as required by the P&S. Pursuant to Section 3 of the P&S, Pilgrim Title Insurance Company is not required to determine the resolution of any dispute between the parties and, therefore, is not obligated to make delivery of the deposit. Happy Mill has no adequate remedy at law and, as a result of PCM's aforementioned default and breach of the P&S, Happy Mill has been damaged and irreparably injured and, absent injunctive relief, will continue to be irreparably injured.

WHEREFORE, Happy Mill demands judgment against PCM in the form of a preliminary and permanent injunction ordering PCM to instruct Pilgrim Title Insurance Company to release to Happy Mill all sums and deposits made by PCM in connection with the P&S.

HAPPY MILL, LLC
By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

Steven E. Snow (#1774)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: July 10, 2006

865081_1